UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
ADAR 980 REALTY, LLC,

        Appellant,

-against-

AVRAHAM SOFER, Debtor,
and 1040 MANAGEMENT LLC, Debtor,

        Appellees.

---------------------------------------------------------------- X

14-CV-2977 (ARR)

Related to Bankruptcy Case
No. 13-46127 (CEC)

ADAR 980 REALTY, LLC,

        Appellant,

-against-

AVRAHAM SOFER, Debtor,
and RICHARD J. MCCORD, Trustee,

        Appellees.

---------------------------------------------------------------- X

14-CV-3031 (ARR)

Related to Bankruptcy Case
No. 13-1498 (CEC)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

    Adar 980 Realty LLC ("appellant") has appealed from (1) the bankruptcy court's order denying appellant relief on its motion to hold debtor Avraham Sofer ("Sofer") in contempt and (2) from the notice of dismissal with prejudice of the adversary proceeding in bankruptcy case number 14-1498 (the "Adversary Proceeding"), which was filed by Richard J. McCord ("McCord" or the "Individual Trustee") as the Chapter 7 trustee of Sofer's estate and was "SO ORDERED" by the bankruptcy court. For the reasons explained below, the appeal is dismissed.

1

## BACKGROUND

The court assumes the parties' familiarity with the underlying facts and summarizes the relevant points only briefly.[1] On August 28, 2013, 1040 Management, LLC ("1040 Management"), a business wholly owned by Sofer, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and Lori Lapin Jones (the "Business Trustee") was appointed trustee of 1040 Management's bankruptcy estate. Subsequently, on October 10, 2013, Sofer himself filed a Chapter 7 petition, and McCord was appointed trustee of Sofer's estate.

Appellant, who had leased a parking lot at 980 East 13th Street, Brooklyn, New York (the "Parking Lot"), to 1040 Management and Sofer as co-tenants, was the largest creditor of both estates. In both bankruptcy cases, appellant filed emergency motions for relief from the automatic stay to permit it to continue an eviction action against 1040 Management and Sofer with respect to the Parking Lot, and the bankruptcy court issued orders granting appellant's motions to lift the stays so that appellant could proceed with the eviction action.[2]

On October 18, 2013, both trustees filed a joint motion seeking to operate the Parking Lot, which would be operated by appellant acting as the trustees' agent, and the bankruptcy court granted their request on October 24, 2013. However, on October 25, 2013, the trustees commenced adversary proceedings, including the Adversary Proceeding against Sofer, alleging, inter alia, that Sofer (a) continued to operate the Parking Lot post-petition, (b) collected the income generated by the Parking Lot and converted it to his personal use rather than turning it over to the trustees, and (c) denied the trustees and their agents access to the Parking Lot.

---

[1] Unless otherwise noted, the facts are taken from the bankruptcy court's order of March 13, 2013, in case numbers 13-46127-CEC, 13-45283-CEC, 13-1498-CEC, and 13-1497-CEC.
[2] The order as to Sofer lifted the stay to the extent appellant sought to prosecute the eviction action against Sofer but stayed the enforcement of any judgment of possession or money judgment obtained in the action pending a further order of the bankruptcy court.

After a hearing on the trustees' motion for injunctive and other relief pursuant to Bankruptcy Rule 7065, the bankruptcy court issued a preliminary injunction on November 1, 2013 (the "Injunction"), restraining Sofer and his agents for 45 days from (1) entering the Parking Lot, (2) communicating with any of the Parking Lot customers about collecting money or parking on the Parking Lot, and (3) collecting any money due on account of the operation of the Parking Lot. The Injunction also required Sofer and his agents to turn over to the trustees all money and proceeds from the operation of the Parking Lot, and it provided that the Parking Lot would be closed effective October 31, 2013.

On November 12 and 20, 2013, the Individual Trustee and the Business Trustee filed respective notices of their intentions to abandon the lease to the Parking Lot. No objections were filed, and the asset was deemed abandoned by both estates on December 6, 2013.

In the interim, on November 15, 2013, appellant, acting on its own behalf and not as the trustees' agent, filed a motion for contempt and sanctions (the "Contempt Motion") related to Sofer's alleged operation of the parking lot in violation of the automatic stay and the Injunction. In its Contempt Motion, brought pursuant to §§ 105 and 362(k)[3], appellant alleged that Sofer obstructed appellant's attempts to operate the Parking Lot on behalf of the trustees and, instead, continued to operate it himself or through his agents. Appellant also alleged that, in connection with Sofer's attempts to prevent the trustees' agents from accessing the Parking Lot, Sofer assaulted appellant's principal, Sara Aliza Chaimovitz ("Chaimovitz"). Appellant requested that the court hold Sofer in contempt and order that Sofer reimburse appellant for damages incurred as a result of his violations, which consisted solely of attorney's fees and costs incurred by

---

[3] Unless otherwise indicated, all statutory references are to the Bankruptcy Code, Title 11, United States Code.

appellant in filing and prosecuting the Contempt Motion. An evidentiary hearing was held to determine whether Sofer had violated the stay and Injunction.

By order dated March 13, 2014 (the "March 13 Order"), the bankruptcy court denied appellant's Contempt Motion. The bankruptcy court held that, although there was no doubt that Sofer had violated the stay and Injunction, appellant lacked prudential standing to prosecute the claims in its Contempt Motion. Specifically, the bankruptcy court found that appellant, an unsecured creditor, had not demonstrated that it had suffered a direct and particularized injury, rather than one that could be asserted by any creditor, and, accordingly, the trustee, and not appellant, was the proper party to assert those claims.

On March 10, 2014, prior to the bankruptcy court's denial of appellant's Contempt Order, the Individual Trustee filed a notice (the "Notice of Dismissal") of his intent to voluntarily dismiss the Adversary Proceeding "with prejudice" pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 41(a) of the Federal Rules of Civil Procedure (the "Federal Rules"). Bankr. No. 13-1498-CEC, Dkt. #26. The bankruptcy court "SO ORDERED" the Individual Trustee's Notice of Dismissal on March 13, 2014. Id., Dkt. #29. Appellant did not raise any issues with the Individual Trustee's Notice of Dismissal before the bankruptcy court. The Business Trustee also filed a notice of voluntary dismissal, but "without prejudice," in the parallel adversary proceeding against 1040 Management.

In May 2014, appellant filed the instant appeals, which have since been consolidated. It appeals from (1) the March 13 Order denying its Contempt Motion and (2) the Individual Trustee's Notice of Dismissal, which was "SO ORDERED" by the bankruptcy court.

## DISCUSSION

A. <u>**Standard of Review**</u>

On appeal, a district court reviews a bankruptcy court's conclusions of law de novo. <u>Asbestosis Claimants v. U.S. Lines Reorganization Trust (In re U.S. Lines, Inc.)</u>, 318 F.3d 432, 435 (2d Cir. 2003). Findings of facts made by a bankruptcy court may not be set aside unless clearly erroneous. Fed. R. Bankr. P. 8013; <u>In re DPH Holdings Corp.</u>, 468 B.R. 603, 611 (S.D.N.Y. 2012). "Mixed questions of law and fact are reviewed de novo. Matters left to the court's discretion are reviewed for abuse of discretion." <u>In re Hirsch</u>, 339 B.R. 18, 24 (E.D.N.Y. 2006) (internal citation omitted). Abuse of discretion may be found where the bankruptcy court rests its decision "on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding" or where its decision, "though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." <u>In re Motors Liquidation Co.</u>, 430 B.R. 65, 77 (S.D.N.Y. 2010) (quoting <u>In re Aquatic Dev. Grp., Inc.</u>, 352 F.3d 671, 687 (2d Cir. 2003).

Generally, standing decisions raise legal questions and are subject to de novo review. <u>In re PlusFunds Grp., Inc.</u>, 505 B.R. 419, 424 (S.D.N.Y. 2014) (citing <u>Shain v. Ellison</u>, 356 F.3d 211, 214 (2d Cir. 2004)); <u>In re Commodore Int'l, Ltd.</u>, No. 00CIV.1679(SAS), 2000 WL 977681, at *1 (S.D.N.Y. July 17, 2000) (citing <u>United States v. Cambio Exacto, S.A.</u>, 166 F.3d 522, 526 (2d Cir. 1999)).

B. <u>**The March 2013 Order Denying Appellant's Contempt Motion**</u>

Appellant first appeals the bankruptcy court's March 13 Order finding that appellant lacked prudential standing to bring its Contempt Motion. Appellant argues that (1) it had

5

prudential standing to bring the Contempt Motion, (2) even if it lacked prudential standing, Sofer waived any objection on the grounds of prudential standing, and (3) even if appellant lacked standing, the court should have otherwise used its powers to protect appellant and its principal and award them relief.[4] Having reviewed the standing issue de novo and the bankruptcy court's use of its discretionary powers for abuse of discretion, this court finds no error in the decision.

1.  *The bankruptcy court did not err by considering prudential standing.*

Preliminarily, appellant argues that Sofer did not raise the issue of prudential standing, but rather the bankruptcy court raised it <u>sua sponte</u>, which, appellant argues, was in error because Sofer waived this ground by failing to raise it. Appellant relies on cases from other circuits to argue that prudential standing may be waived, but Second Circuit precedent dictates that it cannot be waived and that it must be considered by a court, even where it has not been raised by the parties. <u>Thompson v. Cnty. of Franklin</u>, 15 F.3d 245, 248 (2d Cir. 1994); <u>see also</u> <u>Lewis v. Alexander</u>, 685 F.3d 325, 340 n.14 (3d Cir. 2012) (recognizing circuit split as to waiver of prudential standing and acknowledging that the Second Circuit has found it not waivable); <u>City of L.A. v. Cnty. of Kern</u>, 581 F.3d 841, 845 n.3 (9th Cir. 2009) (same). Accordingly, the bankruptcy court had a duty to consider appellant's prudential standing, even were the issue not raised by Sofer,[5] and the bankruptcy court could not have erred in doing so.

---

[4] Appellant also argues, for the first time, that it somehow has derivative standing to prosecute its claims on behalf of the estate. Because appellant did not assert derivative standing below, this court will not consider it on appeal. Moreover, there is nothing in the record to suggest that the trustees "unjustifiably refuse[d] to assert" the claims or consented to appellant's prosecution of them, much less that the prosecution of the claims was "necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings." Glinka v. Murad (In re Housecraft Indus. USA, Inc.), 310 F.3d 64, 70-72 (2d Cir. 2002). In fact, a motion brought to obtain attorney's fees for making that motion seems, to this court, rather on the side of inefficiency.

[5] This court takes no position as to whether Sofer in fact raised the issue of prudential standing because it is unnecessary in light of the Second Circuit rule.

6

2.  *The bankruptcy court did not err in finding that appellant lacked prudential standing.*

Having concluded that the bankruptcy court's consideration of prudential standing was not only appropriate but mandatory, the court next turns to appellant's contention that the bankruptcy court erred in finding that it lacked prudential standing. "The prudential standing rule normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves." Rajamin v. Deutsche Bank Nat'l Trust Co., ---F.3d---, 2014 WL 2922317, at *6 (2d Cir. June 30, 2014) (quoting Warth v. Seldin, 422 U.S. 490, 509 (1975)) (internal quotation marks and ellipsis omitted). "[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Id. (quoting Warth, 422 U.S. at 499). "[P]rudential standing encompasses . . . the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12 (2004) (internal quotation marks omitted).

"The prudential concerns limiting third-party standing are particularly relevant in the bankruptcy context. Bankruptcy proceedings regularly involve numerous parties, each of whom might find it personally expedient to assert the rights of another party even though that party is present in the proceedings and is capable of representing himself." Kane v. Johns-Manville Corp. (In re Johns-Manville Corp.), 843 F.2d 636, 644 (2d Cir. 1988). Where, as here, a creditor seeks to assert a claim in the bankruptcy court, the question of prudential standing turns on whether the legal right asserted belongs to the creditor, or whether it belongs to the trustee as the representative of the debtor's estate. The Second Circuit has held that "[i]t is plain from [the legislative history of the Bankruptcy Code] that Congress intended to protect all creditors by making the trustee the proper person to assert claims against the debtor. . . . If a claim is a

7

general one, with no particularized injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim, and the creditors are bound by the outcome of the trustee's action." St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc., 884 F.2d 688, 701 (2d Cir. 1989).

The court agrees with the bankruptcy court's conclusion that appellant's Contempt Motion did not assert claims based on a "particularized injury" suffered by appellant. Appellant contends that the bankruptcy court should have used its powers under § 105 to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Appellant essentially argues that an order finding Sofer in contempt and awarding sanctions was necessary or appropriate to carry out the bankruptcy stay under § 362(a) and the Injunction issued by the bankruptcy court. The bankruptcy court properly looked at the "zone of interests" protected by the bankruptcy stay under § 362(a), which was the protection of the assets of the bankruptcy estate for the benefit of all creditors. As noted by the bankruptcy court, "[t]he purpose of the Injunction was to implement § 362(a)(3) by restraining Sofer from interfering with the Trustees' operation of the Parking [Lot], and not to protect [appellant's] ownership interest in the premises." March 13 Order at 8.

Although appellant was operating the Parking Lot at the time of Sofer's alleged violations, it did not do so on its own behalf but in its capacity as an agent of the trustees, and the purpose of the Parking Lot's operation by someone other than Sofer was not to protect appellant's own interests alone but to protect the assets of the estate from being converted by Sofer, a benefit which would accrue to all creditors equally. Appellant does not allege any harm suffered by it that is distinguishable from that suffered by other creditors. For instance, it does not allege that Sofer damaged the Parking Lot or other property owned by appellant. Rather, the only injury

8

suffered by appellant as a result of Sofer's operating the Parking Lot in violation of the stay was "a generalized injury to the estate and an indirect injury to all creditors by possibly reducing the pool of assets available for distribution." March 13 Order at 9 (quoting In re Ampal-Am. Israel Corp., 502 B.R. 361, 372 (Bankr. S.D.N.Y. 2013)). Thus, the claims asserted belonged to the debtors' estates and could only be properly asserted by the trustees.

Moreover, appellant's contention that it was entitled to damages under § 362(k) is unavailing. That subsection provides that:

> [A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k)(1). First, as appellant itself concedes, the Second Circuit has held that, in the context of § 362, the term "individual" applies only to "natural persons." See In re Chateaugay Corp., 920 F.2d 183, 185-87 (2d Cir. 1990). Thus, appellant is not an "individual" within the meaning of § 362(k) and cannot recover damages under that provision. Second, to the extent that appellant argues that its principal, Chaimovitz, should be able to recover under § 362(k) because she is a natural person who was injured by Sofer's violation of the stay, that argument also must fail, even if the court were to assume that Chaimovitz suffered a particularized injury. An individual seeking relief under § 362(k) "must allege an injury in his capacity as a creditor of the estate rather than in some other capacity." In re Ampal-Am. Israel Corp., 502 B.R. at 371 (collecting cases). Chaimovitz is not herself a creditor in the bankruptcy case, and, while she may have an ownership in a creditor entity, i.e., appellant, it is the entity and not Chaimovitz who is the creditor. She is a third party whose claims against Sofer may be pursued outside the

bankruptcy courts. The bankruptcy court did not err in determining that Chaimovitz's assault or other tort claims were more properly pursued in another forum.[6]

Finally, the contention that the bankruptcy court somehow abused its discretion by failing to adequately protect the "physical security needs" of appellant's owners and employees is without merit. Appellant Adar 980 Realty LLC's Principal Brief on the Consolidated Appeal ("Appellant's Brief"), Case No. 14-cv-3031(ARR), Dkt. #7, at 19. It is not the job of the bankruptcy court to entertain what are, essentially, tort claims asserted by a third party. The bankruptcy court reasonably exercised its discretion to enforce the bankruptcy stay, protect the estates' assets, and ensure the proper conduct of the bankruptcy proceedings. It was not an abuse of the bankruptcy court's discretion to refuse to imprison Sofer or award damages for assault or battery. It would, in fact, be absurd to require bankruptcy courts to undertake that role.

Accordingly, the appeal from the March 13 Order is dismissed.

## C. **Voluntary Dismissal of the Adversary Proceeding "With Prejudice"**

Appellant also appeals from the Individual Trustee's Notice of Dismissal, which voluntarily dismissed the Adversary Proceeding against Sofer "with prejudice" and was " SO ORDERED" by the bankruptcy court on March 13, 2013. Appellant appears to argue that the "with prejudice" nature of the dismissal will somehow have res judicata effect preventing appellant from recovering from Sofer, but the cursory discussion of this matter in appellant's brief leaves the contours of its argument rather nebulous. Appellant asserts: "Because dismissal with prejudice has res judicata effect on the ability to recoup estate assets converted by Sofer (the

---

[6] In its brief, appellant declares that "Sofer's willful and wanton behavior crossed the threshold from civil to criminal conduct." Appellant's Brief 15. It is not clear to this court why the bankruptcy court would be a more appropriate forum for handling such "criminal conduct" than another forum whose business is to handle criminal matters.

10

basis for the underlying complaint), and appellant had an insufficient opportunity to object in writing, appellant and other parties in privity are aggrieved by Trustee McCord's filing and the order of the lower court which summarily 'so ordered' the dismissal with prejudice. This order should be reversed." Appellant's Brief 22 (internal citation omitted).

Foremost, this court notes that appellant never raised this issue in the bankruptcy court prior to filing its appeal, and this court is loath to consider an issue that the bankruptcy court never had an opportunity to pass upon. "In general, a federal appellate court refrains from passing on issues not raised below." Adelphia Bus. Solutions, Inc. v. Abnos, 482 F.3d 602, 607 (2d Cir. 2007). This court will not exercise its discretion to consider a matter that was raised before this court in its appellate capacity for the very first time, particularly when the issue has been addressed by appellant in such cursory fashion. If appellant seeks to have the voluntary dismissal altered to one "without prejudice," it must raise this issue in the bankruptcy court.

Even if this issue had been raised below, however, it is dubious whether appellant would be able to successfully challenge the entry of the voluntary dismissal with prejudice. The voluntary dismissal of an adversary proceeding before the bankruptcy court is governed by Rule 41 of the Federal Rules. Fed. R. Bankr. P. 7041 (applying Rule 41 to adversary proceedings). Under Rule 41(a)(1), a plaintiff may dismiss an action without a court order by filing a notice of dismissal at any time prior to the opposing party's serving an answer or a motion for summary judgment, which was the procedural posture of the Adversary Proceeding at the time of the dismissal at issue in this case. Fed. R. Civ. P. 41(a)(1)(A)(i). Such a dismissal is presumed to be "without prejudice," "[u]nless the notice . . . states otherwise." Fed. R. Civ. P. 41(a)(1)(B). "Within the limitations set forth by the rule itself, the right to dismiss pursuant to Rule 41(a)(1) is absolute. Thus, where the conditions set forth in the Rule have been met, neither the Court nor a

11

defendant may prevent Rule 41(a)(1)(i) dismissal." Medina v. N.Y. State Dep't of Corr. Servs., No. 03 Civ.9249(RWS), 2004 WL 2397193, at *3 (S.D.N.Y. Oct. 26, 2004) (internal quotation marks and citations omitted). Appellant has pointed to no applicable exception to this rule in the bankruptcy context, or to any other statute that would require court approval of dismissal under these circumstances. See Fed. R. Bankr. P. 7041 (providing an exception to the general dismissal rules under Rule 41 only for adversary proceedings objecting to the debtor's discharge). Thus, the Individual Trustee, acting on behalf of Sofer's bankruptcy estate, as the sole plaintiff in the Adversary Proceeding, had the absolute right to voluntarily dismiss the Adversary Proceeding, with or without prejudice.[7] Although the bankruptcy court "SO ORDERED" the dismissal, its order was unnecessary to give effect to the dismissal. Dismissal occurs without "even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff [Individual Trustee] alone." Thorp v. Scarne, 599 F.2d 1169, 1176 (2d Cir. 1979) (citation omitted).

Moreover, it is unclear precisely what res judicata effect concerns appellant in this case. Under the principles of res judicata, or claim preclusion, a litigant is barred from "advancing in a new action all claims or defenses that were or could have been raised in a prior proceeding in which the same parties or their privies were involved and that resulted in a judgment on the merits." Liona Corp. v. PCH Assocs. (In re PCH Assocs.), 949 F.2d 585, 594 (2d Cir. 1991).

---

[7] Youssef v. Tishman Constr. Corp, 744 F.3d 821 (2d Cir. 2014), which appellant relies on to suggest that a Rule 41(a)(1) voluntary dismissal must be "without prejudice," is inapposite to the case at hand. In that case, the plaintiff's counsel indicated that plaintiff, a relator in a qui tam action under the False Claims Act, would not "pursue this matter any further," and the district court judge interpreted this statement as indicating the plaintiff's intent to voluntarily dismiss the action with prejudice. The Second Circuit held that dismissal "with prejudice" was inappropriate, not because it was unavailable under Rule 41(a)(1), but because the plaintiff's statements could not be interpreted as unequivocally expressing an intent to dismiss "with prejudice" and, absent indication to the contrary, there is a presumption that a Rule 41(a)(1) dismissal is made "without prejudice." Id. at 825. Under the plain language of the Rule, however, that presumption is not absolute. The Second Circuit in Youssef reiterated as much: "In the absence of any indication by the plaintiff, Rule 41(a)(1) presumes that a voluntary dismissal under these circumstances is without prejudice." Id. at 825 (emphasis added). In this case, unlike in Youssef, the plaintiff's indication of his intention for the dismissal to be "with prejudice" was express and unequivocal.

Res judicata bars a subsequent litigation when (1) the prior decision was a final judgment on the merits, (2) the litigants were the same parties or their privies, (3) the prior court was of competent jurisdiction, and (4) the causes of action were the same. Corbett v. MacDonald Moving Servs., 124 F.3d 82, 88 (2d Cir. 1997). Even assuming that appellant and the Individual Trustee are in privity,[8] it is difficult to conceive of what future cause of action appellant is concerned about that would be the same cause of action as asserted in the Adversary Proceeding. To the extent that appellant is concerned about its ability to recover as a creditor of Sofer's estate, the Notice of Dismissal did not forfeit creditors' claims against Sofer, but rather it ended the proceeding intended to secure an injunction, turnover, and accounting to prevent Sofer from interfering with an asset that was at that time, but is no longer, part of the estate. To the extent that appellant is concerned about proceedings it seeks to bring outside of the bankruptcy court, those claims cannot be the same as those asserted by the Individual Trustee in the Adversary Proceeding, which related to the protection of estate assets arising under bankruptcy law.

Nonetheless, despite this court's serious doubts about appellant's ability to pursue any argument regarding the res judicata effect of the Notice of Dismissal, the court declines to exercise its discretion to rule on this matter because appellant did not pursue this argument below. If appellant seeks relief, it must raise this issue before the bankruptcy court.

---

[8] Appellant makes the conclusory assertion that they are privies without any further discussion. Although a bankruptcy estate's creditors and its trustee may be in privity for certain purposes, it is not clear whether that would be the case in the hypothetical subsequent action that appellant vaguely postulates here.

13

## CONCLUSION

For the foregoing reasons, the appeal is denied, and the March 13 Order of the bankruptcy court is affirmed in all respects. If appellant seeks to challenge the entry of the Notice of Dismissal with prejudice, it must raise this issue before the bankruptcy court.

SO ORDERED.

/S/ Judge Allyne R. Ross
Allyne R. Ross
United States District Judge

Dated:    August 5, 2014
               Brooklyn, New York

SERVICE LIST

Avraham Sofer
1025 East 13th Street
Brooklyn, NY 11230-4260

Richard J. McCord, Esq.
Certilman Balin Adler &Hyman
90 Merrick Avenue
East Meadow, NY 11554

Jordan C. Pilevsky, Esq.
Lamonica Herbst & Maniscalco LLP
3305 Jerusalem Avenue
Wantagh, New York 11793